OK, so the second oral argument of the day is document number 24-2078, DK Crown Holdings v. AG 18, LLC. Please go ahead. OK, thank you, Your Honor. May it please the Court. So, this case turns on a Claire-Claire that we discovered during our reply briefing, or as we're preparing our reply briefing below, where our discussion of Claim 18, which depends from Claim 17, was discovered to be in the wrong section of the petition. It was very clear... Did you ever file a motion to correct the petition? No, we did not. Just to add some color to that, there was, early in the proceeding, the Board ordered us to correct the petition to add page numbers, because those had been inadvertently omitted. But that was a sua sponte order from the Board. When we noticed this error, we raised it ourselves in the reply brief. It was in a footnote, right? It was in a footnote of the reply brief. We said, look, it's obvious that this claim was meant... This claim depends from 17. The ground that applies to Claim 17 includes the Bryson ground that was being... And Bryson is the disclosure we were relying on for Claim 18. So it was clear to us that that's what we meant for that section to appear. I understand your position, but I do think that I review this for an abuse of discretion, right? Do you agree with that? I don't think so. Isn't it the Board's reading of the petition? So in this case... And their own rules? Yeah. That the petition has to set forth the grounds upon which the petitioners rely? Yes, and we did. And this Court's jurisprudence creates two different levels of review depending on which thing is going on here. So when we're looking at... What the Board said is this is a new argument you're making in reply. You're changing the grounds in reply. That's how they characterized it. They don't say that you can't make a new argument in reply, right? They don't say you can't make a new... There's rules about what replies are okay. So your argument has to be responsive to the position taken by that area, right? Yes. Yes, that's correct. I didn't... Yeah, I apologize. I didn't review the rule before I showed up here today, which I obviously should have. Yeah, yeah. There is a rule. We all know what it says. So it does permit replies in certain circumstances, and the extent of which... How far you can go with that reply is obviously sometimes disputed. This Court's jurisprudence, though, creates two different standards of review depending on which aspect of that rule we're looking at, right? Whether it's the rule or whether it's the statute that's being analyzed. And so what we're saying, if you look at the Core Photonics case, for instance, I think that's the most relevant case that sort of sets up this dichotomy I'm talking about. The quote from... This is from Core Photonics. It's 84 F4 990. This is from 1008. Our standard review of the Board's application of the newness and responsiveness restriction differs. The newness restriction stems from the statutory mandate that the petition govern the IPR proceeding. So whether a ground relied on is new is a question of law. We review de novo. And then there's some citations. The responsiveness restriction is grounded in the Board's regulations, which I think is what you're asking about, Judge Stoll. Compliance with which we review for abuse of discretion. So the question is, which category are we in? The problem here is the Board expressly said this is a newness issue. This is from 833. Petitioner improperly seeks to add a new prior reference against Claim 18 to fill a prima facie gap in the petition. They're not saying that this is inappropriate responsiveness. They're saying this is new. And, in fact, admittedly it wasn't responsive because they never raised this issue. We were the ones who noticed the problem and raised it to the Board in the first instance. The newness question is reviewed de novo. And so we think this is an issue of law that you review in the first instance de novo. And here there's no doubt that we're raising nothing new because we didn't change any of the mappings at all. All of this... But you wouldn't say there's no doubt. Well, I understand. They argue it. Obviously, in order for the Board to consider this theory of unpatentability for Claim 18, it would have to do one of two things. It would either have to add Schlotman to Grounds 1 or 2, or it would have to add Claim 18 to Ground 3. So, in that sense, there's something new going on. Well, the something new is the clerical error on which page this discussion appeared on. Whether you intentionally did it one way or you mistakenly did it one way, it's still a new ground for Claim 18. You may have intended to include it. Correct. Yes, that's right. But you didn't do it. Well, I think that's the question. This is what the clerical error issue is all about, right? Was it meant to be there? You moved to correct a clerical error. Yeah, so that's what we did. So, I mean, I think we did in the reply. That was the point of the footnote and reply. You moved to correct a clerical error? You think we moved in a footnote in a reply move to correct? Yes. I mean, the answer is, I think, to your question, yes. In our footnote, what we said was... What if we disagreed? I'm sorry? I mean, we all know what the footnote says. Okay. I'm so short, we all have a memory. Okay. So what if we don't think that counts as a motion to correct a petition? Then where does that leave us? Okay, so then I would fall back to the collateral estoppel argument, because all of the factual findings necessary to find Claim 18 were already made by the board, right? They found that you would combine these references. They found that when you combine those references, you invalidate Claim 17. All Claim 18 adds to that is this feature of simulated wagering, which the board already found.  When we're talking about collateral estoppel, we have to know if the same issue was actually litigated. How would you define that issue? Well, in this... If you want to say the issue was doing non-monetary type wagering, and whether Bryson teaches that, I suppose that's one way to define the issue. But it seems like what you're asking is to define the same issue as being composed of multiple separate issues that were litigated. And then when you smoosh them together, we can now find a composite issue that was litigated when smooshed together. And I just don't know any case that we have where you can take two separate issues of litigation, combine them, and say, well, that thing that is the composite of those two separate litigated issues can now be said to have been litigated in the first case. Is there a decision that reflects that kind of thinking? I think the closest I would... The closest case coming to mind is the Zizel versus UNM case, where it was a similar issue where there was a dependent claim that needed to be addressed on remand in view of findings that had been affirmed on appeal. So you did have to combine some disclosures from different claims to get to the point that... That was a substitute claim, right? Like an amended claim? Yeah, correct. It was an amended substitute claim. Yes. And I believe our case law is, when it comes to substitute amended claims, the board has independent latitude to look at and consider grounds of unpatentability that aren't actually presented by the petition. Well, I'm on the same prior art, but nevertheless, the board has that latitude. And of course, we don't have an amended substitute claim here. We are more confined to what you actually presented in your petition. So that's why I'm having trouble seeing why Zizel really applies uniquely to the facts of this particular case. Right. I think you're right to identify that as procedural difference, but it didn't... It was going, I think, to the question you were asking about these combination of issues. I think that's the closest case that really addresses this portion with combination of issues. I would say, I don't think I've ever answered your question, which is, what is the issue? I would say, is it an issue here? I mean, it could very well be one of two things, right? Is this disclosure of Claim 18 present in Bryson or not? And the board already found that it was, right? So that's one issue. It was actually litigated. Well, wait a second. The issue of Claim 18 has a lot of different claim limitations. Because of its dependency, yes. It's not just an added feature beside Claim 18. It has everything in 17, in 16, in 15, in 12. So I wouldn't go so far as to say the board found that Claim 18 was disclosed by Bryson. Correct. But they did find that all of that text that's in Claim 18, with the exception of the preamble, is present in Bryson. And the board separately found that Claim 17, and all the claims that are in that chain from which it depended, were invalid in view of the combination of Slotman and Bryson. So they made all those factual findings. The only reason they didn't make this additional finding that Claim 18 is invalid is because of this procedural issue we had with the discussion of Claim 18 appearing on the wrong page of the petition. So that's why we still think that collateral estoppel, I mean, this is one of the purposes of collateral estoppel, is to act in equity to prevent re-litigation of these issues and to prevent what happened here, which is now the petitioner is estopped, even though the board has already made the factual findings necessary to conclude Claim 18 is invalid. And the only reason they didn't is because they said this discussion appeared on the wrong page of your petition. Which was an obvious, again, this was an obvious error because Claim 18 depends, as you just said, Your Honor, from Claim 17, and the ground that covers Claim 17 was not that ground. So it was clearly in the wrong place on the petition. The board has previously corrected very similar errors and didn't follow that case law here. I mean, to the extent the board's complaint was we didn't make a separate motion to correct the clerical error, they never suggested that that was what was necessary. Again, no one had raised this before us. We were the ones who identified and pointed out saying, hey, look, this was an obvious error. Please correct it. And the board didn't, and we think that was an error, and we think the standard review for that should be de novo. Do you think that even if you believe that it's de novo review as to whether what you raise in the reply is a new theory, do you think? And let's assume the court concludes, yes, it is a new theory. Do you think, then, it would still be de novo review as to whether or not the board correctly or incorrectly refused to consider the new theory? Or do you think for that sub-question, it really would be an abuse of discretion? I think for that sub-question, as you characterized it, it would be like an Administrative Procedure Act question. And was the board's action here arbitrary and capricious? Which we think it was, given that it has other panel decisions on almost identical facts went the opposite way. And there's no discussion of why the board didn't apply that law here. I'd like to reserve the remaining time if I can. Thank you. Good afternoon, Your Honors. May it please the Court. Jonathan Tietz for AG 18, joined by Patrick McKeever. I want to start with the main issue on appeal about transporting Claim 18 into Ground 3. I want to start on a standard of review question. I think it is correct. Even if we assume it's abuse of discretion, it's pretty clear that there was a mistake here. It was a clerical mistake. Why was it an abuse of discretion? Because this is not an instance where this is a different independent claim that kind of is similar. It's dependent of claims that are already covered by Ground 3. So it has to depend on those grounds, too. So why wouldn't we just find it an abuse of discretion for the board not to allow them to correct? Well, at the first point, I would say the petition makes clear that it doesn't depend from those grounds, because Ground 3 excludes Claim 18. Well, I understand that the petition does. But the patent itself, Claim 18, depends from 17, right? Yes. But all that means is that a ground attacking Claim 18 has to make the showing of the intervening limitations. Just to follow up on Judge Hughes's question, the question is, why isn't the structure and logic of the petition necessarily clear that to attack Claim 18, you necessarily have to attack Claims 15 through 17? And so therefore, logically speaking, Claim 18 is part of the Bryson-Schlockman grounds. The only basis to make that reading is dependence. Given that the petition is clearly trying to challenge Claim 18. Right. I think dependency is the only thing in the petition that would get us there. And if I can't really make any other point than this, that question was at issue in Apple v. MPH, about whether dependency can rescue a ground that is missing a reference. And SAS doesn't let that happen. It might be different if there was actually a reference to the specific arguments that had been made, such that there was some ambiguity in the petition. But these things were presented separately. The exact same thing happened in the Apple v. MPH case we cite. Now, I want to respond to a distinction. In the body of the argument, they'd refer to 18 in Underground 3. But they hadn't actually listed it in Underground 3. Then we might have some ambiguity to look at and see that they clearly meant to discuss 18 Underground 3, even if it wasn't included in the chart. I think there are cases in which there could be a petition that had a situation like that, yes. But there's no indicio like that in this case. It's just logic, right? I mean, you have to use Bryson and Schlottman together to get all the elements of Claim 17, right? No, because there could have been a way to try and find and argue those elements in Bryson itself. The way they did it, though. Right. The board invalidated 17 based upon a combination of Bryson and Schlottman. Correct. So 18, which depends from that, also would have had to have a combination of Bryson and Schlottman. There's no way to argue. I mean, they could have argued it Bryson. It's very hard to figure out if that's the way they have to show all the elements that they could have logically just used Bryson alone. Because otherwise, if they could have done that, they could have argued 17 as Bryson alone, too. But they didn't.  And that may have been the error. Or it could have been a mistake in drafting the petition and misread 17 as 12. There's a variety of different mistakes that could have happened. And it's not unambiguous what happened here. In retrospect. Is that why it's not an abuse of discretion? I think that's a reason it's an abuse of discretion. I think putting a footnote that doesn't have any reasoning in it is another reason it's an abuse of discretion. And then switching grounds on appeals to say, oh, we say this is a clerical error. It's a made a formal motion laying all this out. And the board had looked at it and said, you're right. But we're not going to let you do it anyway. Then it might be an abuse of discretion. I think we would be in a much harder spot there. Because then if you have a motion to correct the petition, you're at least circumventing the SAS problem. Because you have a new petition. And so the proceeding goes from there. And then you would have reasoning. And you would have made that argument to the board and maybe cited prior cases. What is your argument? I think you were about to go into why an abuse of discretion standard would apply. Did you have more to add on that? Because I was particularly interested in that question. Yeah, so what I would say is there is a surface tension between Core Photonics and the other cases on this issue about de novo versus not. And one way to reconcile those cases is that the board's reliance, which is what Core Photonics says on a ground not in a petition, that is unlawful. Because that exceeds the boundary of the proceeding under the SAS doctrine through the statute. But there's no statutory presumption, or there's no statutory prohibition, on evaluating a petitioner's argument and saying, we don't see it there. And evaluating the adequacy and comparing two documents. That's fundamentally a tribunal level judicial function. And so that. And giving them some discretion to figure out whether a petition is presenting something new or not. Yes, exactly. Why isn't it, I don't know, like petition construction? In the sense that we're trying to figure out the boundaries, the meets and bounds of this petition. And the board made a call. And now we have to review that call. Was this theory, in fact, a new theory or not, based on the contents of the petition? That could be de novo, maybe. And then the next step would be, well, then the board's choice to entertain an arguing new theory or refusal to consider an arguing new theory. Maybe that's the abuse of discretion. I think it could involve a question of law, if there is some legal question. I think a good example of that is an analogous art question. And whether addressing an analogous art in a reply creates a new ground. That's a fundamentally legal question. But if it's a petition construction, as it were, that's different from claim construction, because that is a discretionary call for the board. And so where it's not unreasonable. And here, the fact that I think the footnote at Appendix 830 says this was in Grounds 1 and 2 in the petition, and then the institution decision had said Grounds 1 and 2 are anticipation and obviousness, Claim 18. Everyone's proceeding this entire time under that understanding. And so I think that's another reason that the board's understanding here is completely reasonable. I want to hop back to Apple real quick, because there is a That's a non-presidential case, right? Yes, but it is a good one. Good for you. The law is. So there are two distinctions of this case in the reply brief. One of them is that that dependency issue would have created a ground with an additional reference in it, and so it's not like this case. That distinction avoids, or that distinction applies only to one of the dependent claims that was at issue there. The other two dependent claims that had this problem presented the exact same situation, where the parent ground, or the parent claim, had this extra prior art reference in it, and the dependent claim didn't. That's the exact same situation as here. And then the other distinction that DraftKings makes of Apple is that the petitioner there didn't ask to correct a clerical error, and I think the answer to that is the petitioner there asked for the same thing here, in that neither petitioner asked to correct a clerical error. They just said, because of dependency, this should be considered in the other claim. And SAS, relying on Phillips' case in this court, decided that. I want to touch on the responsiveness point also, that Judge Stoll mentioned, because I don't think there's any reasonable dispute that the footnote wasn't responsive, which would be an independent barrier to considering it. DraftKings does, in its reply brief, cite Appendix 760 and 767, and say, well, this footnote was responsive to that. But those two pages of the Patinona response were about why the limitations of 18a and 18b, this is the non-monetary compensation limitations, were not there. It wasn't an argument that things beyond that were not in that ground. And so that wouldn't be a properly responsive argument. I want to turn to the collateral estoppel issue as well. The board knocked out many claims of this patent, right? Yes. It knocked out all. You didn't appeal that. That is correct. We chose to focus on defending the one claim, in order to narrow the issues on the claim that survived. Many of the claims that were knocked out were not surrogate claims also. And so this goes to the Oren Technologies case that we cite. And that applies principles from their statement about equitable exceptions to estoppel. And one of those principles is, if you don't have an adequate reason to appeal a claim, because you have another claim from that same patent that provides protection on a subject matter, there's equitable reasons not to apply estoppel. Another reason is that it's just weird to do it here, because this is all in one proceeding, and we are still defending the validity of a claim. And where we defended the validity of that claim is where the action was on the non-monetary limitations of Claim 18 anyway. And so the idea that those arguments were fully fleshed out, and there was actual- That non-monetary wagering limitation was in Claim 10, right? Yes. And the petitioner had the affirmative burden to prove that Bryson taught that particular limitation. And the board found that it had met its burden, right? That is correct. And what the board said at Appendix 81 and 82, and I think this is important, the board said, based on the unopposed contentions as to limitations, we accept those as our own, and then cited the petitioner's response as to Claims 1 and 10. I guess I'm wondering, regardless of whether you opposed it, you were there, you had the opportunity, you had the full opportunity to litigate it, and it wasn't just something that you could concede away, because the petitioner still had to make its case to prove it. And the board found that it had met its burden to prove it, that in fact, Bryson does teach this limitation. I think what the board found was that the uncontested arguments by DraftKings on that were enough to have found that limitation met. It didn't find that in view of the arguments we made on Claim 18, that limitation would have been met. And so the full and fair opportunity prong of estoppel, I mean, this isn't like this issue came up five years ago. It's in this very appeal, and we happened to not respond on Claim 10 on that particular issue, but we did respond, and we responded a lot on Claim 18. And so a full and fair opportunity and actual litigation, both those prongs of collateral estoppel, that would entitle us to getting an answer on which arguments were accepted, which weren't, and why. An even easier, I think, question on estoppel is forfeiture. Elements of collateral estoppel were not addressed in the blue brief, and I don't think it's still been addressed in the gray brief, including the full and fair opportunity prong of collateral estoppel. Well, what if we assume that they fairly raised the collateral estoppel argument, and we put to the side your actually litigated argument? Do you have anything else? Yeah, there's the identical issue requirement, and even if we accept the composite. That's the thing I was discussing. Yes, the composite. As a policy matter, that, I think, creates an appellate nightmare, because now there's an invitation to go cobble together a whole bunch of different fact findings from what's appealed and not appealed. And in an IPR campaign, you end up getting notices of appeal on everything, because we don't know what's going to be argued in this brief or that brief. And so it really disincentivizes focusing litigation. And so, but even if that were the case, even if we accepted the cobble together theory of identical issues, the reasonable expectation of success as to the particular combination of Claim 18 hasn't been argued, and we haven't had a response on that. The other thing I want to finally address because it was mentioned that the request to correct the petition was susponded from the board and that the board didn't allow other changes. No one asked for other changes to the petition. The parties could have looked. They looked at the petition reply for clerical errors, didn't, and saw some there and asked the board, and the board, in its order at Appendix 470, gave an option for additional corrections if they were deemed necessary. So for that reason, you would ask that the court affirm. Let me start with collateral estoppel. So it's true we didn't, so first of all, we did raise it in our blue brief. It's on page 25 is where that discussion began. The sentence is, on these facts, the court should find Claim 18 unpatentable as a matter of collateral estoppel. And we cite the case law and talk about why that is here. So it hasn't been forfeited. We couldn't raise it to the board because collateral estoppel from PTAP proceedings, of course, doesn't kick in until either the appeal is over or the patent owner decides not to appeal, which is what happened here. So in our view, this court actually has jurisdiction to apply collateral estoppel and invalidate Claim 18 as a matter of law on the record we already have. No further remand would be necessary. With respect to the Apple case, I would just say that's obviously quite distinguishable given that in that case, Apple had to... Where's your collateral estoppel argument in the blue brief? 25. 25?  It begins, the first full paragraph on page 25 is where it begins. Okay. Okay. The Apple case involved the need to add a new motivation to combine these references. We don't have that here. I mean, again, literally the only thing that's changing is removing the discussion of Claim 18 from one page to another in the petition. No change is necessary to the motivation to combine. No change is necessary to the mapping. It's all the same mapping. It's all the same motivation to combine that the board already found we had proven by preponderance of the evidence. So literally, there's nothing left to decide. The only question is, should the board have gone and reached the logical conclusion that Claim 18 is invalid? And our answer is yes. And, you know, to be fair, it was an error. I mean, there's no doubt. We put it in the wrong place in the petition. I fess up to that. I missed it. Everyone on my side missed it. Pat Hunter missed it in their preliminary response. The board didn't notice it in the decision. They didn't notice it. Pat Hunter missed it. Well, they didn't raise it in their preliminary response. They never raised this issue at all. It's a fair point, Your Honor. You're right. They could have been hiding... You're right. You know, it's not their burden. No, it wasn't. You're right. I'm sorry. But they never raised it, I guess I should say. I know they never raised it. The board didn't address it in the institution decision. So, I mean, yeah, it did escape review for a while. I can see that. But once you see it, it jumps off the page at you. This was obviously meant to be in ground three. I don't know if there's any other issues that the court wanted me to engage with, but... I think that's it. Thank you very much. Okay. I'm happy to give back the time. The case is submitted.